# EXHIBIT
# B

Filing # 98072979 E-Filed 10/29/2019 06:58:15 PM

# IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, FLORIDA
### CIVIL DIVISION

**LESLIE PRINCIPATO,**
    **Plaintiff,**

vs.                                **Case No. _____**

**WHIRLPOOL CORPORATION,**
**a foreign corporation,**

                        **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Leslie Principato, sues Defendant, Whirlpool Corporation, and says:

1.      This is an action for damages and equitable relief under the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq ("FCRA") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), in which the amount in controversy exceeds $15,000.

2.      Plaintiff is a resident of Pinellas County, Florida.

3.      Defendant is a Delaware corporation with its principal place of business in Benton Harbor, Michigan.

4.      Defendant is subject to personal jurisdiction in Florida in connection with this action because (a) Defendant is registered to do business in the state of Florida and is engaged in substantial but not isolated business in the state of

Florida; or (b) this action a rises out of Defendant's committing a tortious act within this state; or (c) this action arises out of Defendant's causing injury to Plaintiff within this state arising out of an act or omission by Defendant outside this state, and, at or about the time of the injury (i) Defendant was engaged in solicitation or service activities within this state; or (ii) products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, or both (i) and (ii).

5.    The claims alleged herein arose in Pinellas County, Florida.

6.    Plaintiff was employed at Whirlpool from September 16, 1985 to December 7, 2018.

7.    Plaintiff was terminated from his employment on December 7, 2018, at which time Plaintiff was 58 years old.

8.    For approximately ten years preceding his termination Plaintiff's title was Relationship Account Manager, and his main job duties were to act as liaison and manage the ongoing relationships with various Whirlpool customers, such as retailers and home builders.

9.    At all material times Plaintiff was qualified for his position and had no history of discipline.

10.     Plaintiff's termination was completely unexpected, and was not preceded by any disciplinary issue, issue performance , conflict, or other problem that could explain it.

11.     Plaintiff was terminated in a phone conversation with his direct supervisor. When Plaintiff asked his supervisor why he was being terminated, the supervisor would not answer, saying only that it was "not up for discussion."

12.     The following week (December 10-15, 2018), an HR representative stated that the Defendant's documentation indicated that the reason for Plaintiff's "separation of employment" was "retirement." That was the first time Plaintiff was aware that the term "retirement" was used in connection with his termination; Plaintiff had not said he was retiring or otherwise used that term.

13.     Similarly, Plaintiff's COBRA notice, dated December 13, 2018, stated that his "loss of coverage" was "due to retirement."

14.     The foregoing (paragraphs 12 and 13) directly proves that Defendant considered Plaintiff's involuntary termination as a "retirement." "Involuntary retirement" seems little more than a synonym for wrongful termination due to age discrimination. At a minimum, this shows a connection, in the minds of those involved in Plaintiff's termination, between Plaintiff's termination and his age.

3

15.     On December 12, 2019, Plaintiff learned that, internally, the changes in his department, including his termination, were being referred to as a "streamlining," which is a synonym for lay-off, meaning that Plaintiff's position had been eliminated.

16.     This explanation for Plaintiff's termination was also false. Plaintiff's position had not been eliminated. Instead, he was replaced, title, duties and all, by a 28-year old colleague.

17.     Plaintiff later was told that documentation related to his termination indicated it was due to "performance, on a single objective," but the HR representative who told him this told him she did not know what the "objective" or issue was. This was the first time Plaintiff had been told his termination was related to performance.

18.     There were no genuine problems with Plaintiff's performance.

19.     Plaintiff was terminated because of his age.

20.     Any reason Defendant may offer for Plaintiff's termination is pretextual; i.e. false and made up to cover up for the fact that age was the real reason for his termination.

21.     All conditions precedent to Plaintiff's rights alleged herein and to bringing this action, including exhaustion of administrative remedies, have been satisfied, performed, waived or otherwise discharged.

4

22.     Plaintiff has retained the undersigned attorney and is obligated to pay him a reasonable fee.

### COUNT I
### WRONGFUL TERMINATION BECAUSE OF AGE
### IN VIOLATION OF THE FCRA

23.     Plaintiff realleges paragraphs 1-22.

24.     Defendant terminated Plaintiff because of his age, which constitutes an unlawful employment practice in violation of Fla. Stat. §760.10(1)(a).

25.     As a proximate result of Defendant's unlawful employment practices, Plaintiff has suffered economic and non-economic damages, including, but not limited to, past and future lost income, loss of earning capacity, harm to employment history, emotional distress, mental trauma, psychological harm, mental pain and suffering, humiliation, harm to reputation, and harm to personal dignity.

26.     Defendant's actions alleged herein were knowing, intentional, willful and malicious, and in reckless disregard of Plaintiff's rights, and therefore Plaintiff is entitled to seek punitive damages pursuant to Section 760.11, Florida Statutes.

27.     Plaintiff is entitled to the issuance of an order enjoining Defendant's discriminatory practices pursuant to Fla. Stat. § 760.11(5).

28.     Plaintiff is entitled to recover attorney's fees pursuant to Fla. Stat. § 760.11(5).

**WHEREFORE**, Plaintiff demands judgment against Defendant for economic and non-economic compensatory damages, punitive damages, prejudgment interest, costs, and attorney's fees, for entry of an injunction against Defendant's unlawful discriminatory practices, and for such other and further relief as the Court may deem just and proper.

<u>**COUNT II**</u>
<u>**WRONGFUL TERMINATION BECAUSE OF AGE**</u>
<u>**IN VIOLATION OF THE ADEA**</u>

29.     Plaintiff realleges paragraphs 1-22.

30.     Defendant terminated Plaintiff because of his age, which is unlawful pursuant to 29 U.S.C. § 623(a)(1).

31.     As a proximate result of Defendant's unlawful employment practices, Plaintiff has suffered economic and non-economic damages, including, but not limited to, past and future lost income, loss of earning capacity, harm to employment history, emotional distress, mental trauma, psychological harm, mental pain and suffering, humiliation, harm to reputation, and harm to personal dignity.

32.     Defendant's actions alleged herein were willful, and therefore Plaintiff is entitled to liquidated damages equal to the amount owed to Plaintiff as a result of the violation, pursuant to 29 U.S.C. § 626(b) and § 216(b).

6

33.    Plaintiff is entitled to the issuance of an order enjoining Defendant's discriminatory practices pursuant to 29 U.S.C. § 626(b) and § 217.

34.    Plaintiff is entitled to recover attorney's fees pursuant to pursuant to 29 U.S.C. § 626(b) and § 216(b).

**WHEREFORE**, Plaintiff demands judgment against Defendant for economic and non-economic compensatory damages, liquidated damages, prejudgment interest, costs, and attorney's fees, for entry of an injunction against Defendant's unlawful discriminatory practices, and for such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

Date: <u>October 29, 2019</u>

/s/ Jesse L. Skipper
Jesse L. Skipper
Fla. Bar No. 0784990
Jesse L. Skipper, P.A.
1017 Ninth Avenue North
St. Petersburg, FL 33705
Tel:  (727) 896-8781
Fax: (727) 823-6792
jesse.skipper@skipperlaw.net